# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST; and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND,<br>Plaintiffs,<br><br>vs.<br><br>GLOBAL ENVIRONMENTAL SOLUTIONS, INC.<br>Defendant. | C.A. No. |

## VERIFIED COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Global Environmental Solutions, Inc. ("Global") is a foreign corporation organized under the laws of the State of Maine with a principal place of business of 707 Sable Oaks Drive, Suite 150, South Portland, Maine 04106. Its resident agent for service of process is National Registered Agents, NC, 155 Federal Street, Suite 700, Boston, Massachusetts 02110. Global is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. Upon information and belief, Global performed work between September and November 2018 at one or more pipeline projects in Local 4's jurisdiction of Eastern and Central Massachusetts, Eastern New Hampshire, and Maine. Upon information and belief, Global's work during this time period was subject to the terms and provisions of the National Pipeline Agreement between the International Union of Operating Engineers and the Pipeline Contractors Association ("Pipeline Agreement"), a copy of which is attached hereto as Exhibit A.

11. The Pipeline Agreement states in Section XV, "Fringe Benefit Contributions," as follows:

> (A)(1) When performing work in an area under the jurisdiction of a Local Union which has negotiated for highway and heavy construction work a jointly administered Health and Welfare Fund, Employer shall make contributions to that Fund for each hour worked by each Employee covered by this Agreement who is a member of that Local Union at the rate shown for that area in Appendix "A."
>
> (B)(1) When performing work in an area under the jurisdiction of a Local Union which has negotiated for highway and heavy construction work a jointly administered Pension Fund, other than the Central Pension Fund, Employer shall make contributions to that Fund for each hour worked by each Employee covered by this Agreement who is a member of that Local Union at the rate shown for that area in Appendix "A."

12. Paragraphs (A)(4) and (B)(4) state that contributions to the Health and Welfare and Pension Funds are to be made monthly, within 30 days following the month in which the work was performed for which the contributions are due.

13. Paragraph (C)(4) states:

> Employers who are delinquent in their payments to any health and welfare, pension, or other fringe benefit Fund will be subject to the collection procedures of the particular Fund(s), including the assessment of interest and liquidated damages from the date of delinquency, and costs and attorneys' fees, in accordance with the Fund's delinquency program.

14. Further, Appendix "A" lists the other fringe benefit contributions that the Defendant is obligated to make for each payroll hour for each of its covered employees, including to the Annuity and Savings Fund and the Apprenticeship Fund.

15. Upon information and belief, the pipeline work performed by the Defendant between September and November 2018 was within the jurisdiction of the International Union of Operating Engineers Local 4, but to date, no payment of the outstanding contributions owed for that month has been received by the Plaintiff Funds.

16. The Defendant remitted a report to the Plaintiff Funds on which it states that a total of $4,058.67 is due the Funds for work during November 2018. A true and accurate copy of the November 2018 report is attached hereto as Exhibit B. The Defendant also owes interest totaling $35.15 on prior late-paid contributions. Additional interest will come due on the outstanding contributions until paid.

17. The Funds have sent numerous letters and emails to the Defendant notifying it of the outstanding amounts due. To date, the Defendant has failed to pay the outstanding amounts due.

18. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-18 supra.

20. The failure of the Defendant to make contributions on behalf of all covered employees, and to pay interest, as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, the Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23.     The failure of the Defendant to make contributions on behalf of all covered employees, and to pay interest, as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

24.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

25.     The failure of the Defendant to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

b.     Enter a preliminary and permanent injunction enjoining the Defendant from refusing or failing to make contributions or pay interest to Plaintiff Funds;

c.     Enter a preliminary and permanent injunction enjoining the Defendant from refusing or failing to remit dues and SAC contributions;

d.     Enter judgment in favor of the Plaintiff Funds in the amount of $4,093.82, along with an as-yet unliquidated amount in contributions, dues and SAC deductions owed for the months of September and October 2018, together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2),

along with any further amounts that may come due for the period after November 30, 2018 and any amounts that may come due during the pendency of this action; and

  f. Such further and other relief as this Court deems appropriate.

          Respectfully submitted,

          GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

          By their attorney,

          /s/Gregory A. Geiman_____
          Gregory A. Geiman, Esq.
          BBO #655207
          I.U.O.E. Local 4 Trust Funds
          16 Trotter Drive
          Medway, MA  02053
          (508) 533-1400 x140
          ggeiman@local4funds.org

Dated:  March 7, 2018

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF MARCH, 2019.

          /s/Gina M. Alongi_____
          Gina M. Alongi